**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

AGAPITO GAMEZ GARCIA, AKA
Agapito Gamez, Pete Agapito Gamez, AKA
Agapito GamezGarcia,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-71355

Agency No. A090-182-719

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2021
San Francisco, California

Before:  GOULD and BEA, Circuit Judges, and VITALIANO,** District Judge.

1.  Petitioner Agapito Gamez Garcia (Gamez) seeks review of a Board of Immigration Appeals (BIA) decision which affirmed an Immigration Judge (IJ) decision which denied his various applications for relief.  For the following reasons,

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

we deny-in-part and dismiss-in-part Gamez's petition for review.

2. The parties are familiar with the facts of the case, so we do not recite them here. Gamez first argues that the BIA committed error when it affirmed the IJ's decision to not hold a competency hearing pursuant to *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). However, Gamez failed to submit any evidence that he merited a competency hearing. Accordingly, the BIA was correct to affirm the IJ's decision not to hold a competency hearing pursuant to *M-A-M-*.

3. Gamez next argues that the BIA committed error when it determined that he failed to establish membership in three particular social groups (PSGs) which each required mental illness, even though he had prescriptions for medications that could be used as antidepressants. However, Gamez produced no documentation from a physician stating that he suffered from a mental illness. Moreover, both amitriptyline and sertraline, antidepressants prescribed to Gamez over the course of the past several years, have been demonstrated in peer-reviewed scientific articles to be effective in treating diabetic neuropathy, a chronic condition experienced by Gamez.[1] Accordingly, substantial evidence supports the BIA's determination that Gamez failed to establish membership in three PSGs requiring mental illness.

---

[1] *See, e.g.,* M.B. Max et. al, *Amitriptyline relives diabetic neuropathy pain in patients with normal or depressed mood*, 37(4) Neurology 589 (1987); P.J. Goodnick et. al., *Sertraline in diabetic neuropathy: preliminary results*, 9(4) Annals of Clinical Psychiatry 255 (1997).

4. Gamez next argues the BIA committed error when it failed to afford him protection under the Convention Against Torture (CAT), in part by "improperly reject[ing] [588 pages of documents proffered as evidence] as untimely." The BIA did commit error when it failed to address the IJ's untimeliness rejection on the grounds that "respondent has not shown that he fears future persecution *on account of a viable social group.*" (emphasis added). This is legally incorrect, as the documents rejected by the IJ as untimely, which were submitted in support of Gamez's Form I-589, applied as much to Gamez's applications for asylum and withholding of removal, which both require membership in a PSG, as they did to Gamez's application for CAT relief, which does not require membership in a PSG. Put differently, the BIA misstated the breadth of claims those 588 pages of documents applied to when it declined to address the IJ's rejection of these materials as untimely submitted.[2] However, the excluded documents are simply not relevant to Gamez's particular risk for the possibility of future torture. Hence, no prejudice resulted from the rejection of the proffered 588 pages of documents; therefore, this error is harmless. *See Alanniz v. Barr*, 924 F.3d 1061, 1068 (9th Cir. 2019).

5. Finally, Gamez asserts that he "challenges the Board's and IJ's due process failures to provide a fair hearing and to consider the entire record" in connection

---

[2] *Compare* 8 C.F.R. § 208.13(b) (asylum) and 8 C.F.R. § 1208.16(b) (withholding of removal) *with* 8 C.F.R. § 1208.16(c) (protection under the CAT).

with his application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) "eliminates our jurisdiction to review discretionary decisions concerning cancellation of removal unless the petition raises a cognizable legal or constitutional question concerning that determination." *Safaryan v. Barr*, 975 F.3d 976, 989 (9th Cir. 2020) (cleaned up). Gamez's "fair hearing" due process challenge was duly reviewed and found lacking. The only remaining cognizable legal challenges relate to 1) the ability of Gamez's credible testimony dispositively to establish facts, and 2) the BIA's engagement in impermissible fact-finding to determine that the amount of methamphetamine possessed by Gamez was "equivalent to 19,000 doses," a fact not found by the IJ. The credible testimony argument was proffered before *Garland v. Dai*, 141 S. Ct. 1669, 1677–78 (2021) was decided, which now forecloses it. And while Gamez is correct that the BIA engaged in impermissible fact-finding with respect to the specific amount of methamphetamine in his possession, evidence in the record, namely the police report, supports the inference that Gamez's possession of narcotics was not solely for personal use. We lack jurisdiction over Gamez's remaining arguments as to cancellation of removal.

6. For the foregoing reasons, we DENY IN PART and DISMISS IN PART Gamez's petition for review.

4